# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUSCH BLACKWELL LLP | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| UNITED STATES ENVIRONMENTAL | )  Civil Action No.: 1:18-cv-1213 |
| PROTECTION AGENCY | ) |
| | ) |
| Serve at: | ) |
| 1200 Pennsylvania Avenue, N.W. | ) |
| Washington, DC 20460 | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

**COMES NOW** Plaintiff Husch Blackwell LLP, by and through the undersigned counsel, and for its complaint against Defendant United States Environmental Protection Agency alleges as follows:

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff Husch Blackwell LLP (hereinafter, "Plaintiff").

2. The Freedom of Information Act reflects a "profound national commitment to ensuring an open Government," and as a result, federal agencies are to "adopt a presumption in favor of disclosure." Presidential Memorandum for Heads of Executive Departments and Agencies Concerning the Freedom of Information Act, 74 Fed. Reg. 4683 (Jan. 21, 2009). Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976).

3. This matter pertains to several FOIA requests issued by Plaintiff to the Environmental Protection Agency (hereinafter, "EPA" or "Defendant") that, nearly eight months after validly issued by Plaintiff, remain unanswered.

4. As of the date of the filing of this Complaint, Defendant has entirely failed to produce records in response to Plaintiff's request and therefore has hindered Plaintiff from exercising its rights under FOIA.

5. Because Plaintiff has exhausted all administrative remedies, it now asks this Court to enforce FOIA's guarantee of public access to agency records to ensure an accountable and open government.

6. Plaintiff asks this Court to declare that Defendant has violated FOIA and order Defendant to produce documents and materials responsive to Plaintiff's records request, and to assess against Defendant the reasonable attorney fees and other litigation costs reasonably incurred by Plaintiff in seeking this declaratory judgment and obtaining these records.

## PARTIES

7. Plaintiff Husch Blackwell LLP is a Missouri limited liability partnership with its principal place of business in Jackson County, Missouri.

8. Defendant EPA is a federal agency headquartered in Washington, DC, and is an agency within the meaning of 5 U.S.C. § 551(1) and 5 U.S.C. § 552(f)(1). EPA is the federal agency responsible for applying and implementing the federal laws and regulations at issue in this Complaint. EPA has possession and control of the records that Plaintiff seeks, and therefore it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## JURISDICTION

9. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question. The Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

10. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b).

11. The Court has personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B), as it is an agency of the government.

12. Accordingly, Plaintiff files this lawsuit to compel Defendant to comply with the law and produce the properly described public records in Plaintiff's FOIA request.

## LEGAL BACKGROUND

13. FOIA "requires the government to disclose, upon request, broad classes of documents identified in 5 U.S.C. § 552(a)." *Prison Legal News v. Samuels*, 787 F.3d 1142, 1146 (D.C. Cir. 2015).

14. FOIA provides that within twenty working days after the receipt of the request, an agency must respond to the party making the request by notifying it of the agency's determination on whether it will comply with the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i). EPA regulations further reinforce that EPA must respond to requests no later than 20 working days from the date the request is received and logged in by the appropriate FOI Office. 40 C.F.R. § 2.104(a).

15. Under *Citizens for Responsibility & Ethics in Washington v. Fed. Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response not only must be provided within twenty working days, it must provide particularized assurance of the scope of potentially

responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. *See also Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1089 (N.D. Cal. 2015); *Martinez v. U.S. State Dep't*, No. 3-14-1616, 2015 WL 222210, at *2 (M.D. Tenn. Jan. 14, 2015); *Cmty. Ass'n for Restoration of the Env't, Inc. v. U.S. E.P.A.*, 36 F. Supp. 3d 1039, 1048 (E.D. Wash. 2014).

16. 5 U.S.C. § 552(a)(6)(A) states that the twenty day time limit shall not be tolled by the agency except in two narrow scenarios. First, the agency may make one request to the requester for information and toll the twenty day period while it is awaiting such information that it has reasonably requested from the requester. § 552(a)(6)(A)(ii)(I). Second, agencies may toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II).

17. An agency may extend the twenty day time limit only in "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii).

18. The agency must then locate and make the requested records "promptly" available unless it can establish that it may lawfully withhold records, or portions of records, from disclosure under narrowly defined FOIA exemptions listed in § 552(b). 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(C)(i).

19. Where an agency fails to make a timely determination with respect to a FOIA request, a requestor has exhausted administrative remedies with respect to the request. 5 U.S.C. § 552(a)(6)(C); *Citizens for Responsibility & Ethics in Washington*, 711 F.3d at 186.

## FACTUAL BACKGROUND

20. On September 27, 2017, Plaintiff submitted twenty seven FOIA requests to the EPA, which sought copies of certain described electronic correspondence over a specific period of time that used a limiting set of terms. These FOIA requests are attached hereto as **Exhibit 1**.

21. On October 3, 2017, Wendy Schumacker of the EPA confirmed receipt of these twenty seven FOIA requests via voicemail. A transcript of this voicemail is attached hereto as **Exhibit 2**.

22. On October 5, 2017, Earl Ingram of the EPA notified Plaintiff via voicemail that the EPA would consolidate the twenty seven FOIAs into one search. A transcript of this voicemail is attached hereto as **Exhibit 3**.

23. Plaintiff and the EPA worked together on an agreed-upon search, and on November 14, 2017, the EPA informed Plaintiff that it had submitted the finalized search and that all twenty seven requests had been consolidated into EPA-HQ-2018-000065, and that it would "close out" the remaining FOIAs. This electronic correspondence is attached hereto as **Exhibit 4**.

24. On December 11, 2017, EPA provided an initial determination of Plaintiff's request. This initial assessment stated that there were 4,100 responsive documents and that EPA would get back to Plaintiff within 4-6 weeks; however, this initial assessment said nothing about the scope of the potentially responsive records, and included neither the scope of the records EPA intended to produce nor the scope of the records that would be withheld as exempt, as required by 5 U.S.C. . § 552 (a)(6)(A)(i)(I). *See also Citizens for Responsibility & Ethics in Washington*, 711 F.3d at 186 . This electronic correspondence is attached hereto as **Exhibit 5**.

25. As of March 5, 2018, Plaintiff had not heard back from the EPA regarding the request. For that reason, Plaintiff sent follow up electronic correspondence on March 5, 2018 indicating that no response had been received. This electronic correspondence is attached hereto as **Exhibit 6**.

26. That same day, EPA responded that they added the requested documents to the review queue and that they "look[ed] forward to reviewing and releasing the documents the following month." This was nearly three months ago. The electronic correspondence is attached hereto as **Exhibit 7**.

27. Plaintiff filed an administrative appeal, following the EPA guidelines as set out in C.F.R. § 2104 (j), on March 5, 2018, and EPA acknowledged receipt of the appeal on March 13, 2018. The acknowledgement of the receipt of the appeal is attached hereto as **Exhibit 8**.

28. On April 20, 2018, EPA granted the appeal and indicated that they would comply with the request no later than May 15, 2018. A copy of the letter is attached hereto as **Exhibit 9**.

29. As of May 23, 2018, EPA has failed to comply with the request.

30. In the more than twenty days that have followed the receipt of Plaintiff's request, Defendant has claimed no unusual circumstances for its failure to meet the statutory deadline. Defendant also has not sought an extension, nor has it complied with its provided alternative time period for processing the requests. 5 U.S.C. § 552(a)(6)(A)(i).

31. Defendant has unlawfully failed to provide Plaintiff with the determinations required by FOIA for more than six months. Defendant has wholly failed in its obligation to gather and review all records requested by Plaintiff, determine and communicate the scope of the documents it intends to produce or withhold, and inform Plaintiff that it can appeal portions of the determination that are adverse.

32. Although Defendant did inform Plaintiff that an initial search produced responsive records, it has not provided whether any FOIA exemptions might apply or whether it will supply any records to Plaintiff. Defendant has effectively denied Plaintiff's request by failing to provide any responsive documents in the many months since the request.

33. By failing to provide a determination under § 552(a)(6)(A)(i) or produce the public records, Defendant has waived any ability to now seek fees.

34. Plaintiff has constructively and actually exhausted the administrative process on this request because of Defendant's failure to provide a determination or produce the documents. 5 U.S.C. § 552(a)(6)(A)(i).

## FIRST CLAIM FOR RELIEF

### Seeking Declaratory Judgment

35. Plaintiff re-alleges paragraphs 1-34 as if fully set out herein.

36. FOIA requires agencies such as Defendant to timely search for and produce all records responsive to a request unless the records are lawfully exempt from production.

37. Plaintiff submitted lawful requests for documents and public records to Defendant, which were acknowledged to have been received by Defendant nearly eight months ago.

38. Plaintiff has a statutory right to receive a determination from Defendant as to its FOIA request within the time frames set forth in FOIA and to promptly receive any responsive records.

39. Defendant has represented multiple times to Plaintiff that it would produce records, and each time has failed to meet the specified deadlines. "[U]nreasonable delays in

disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." *Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982).

40. Defendant has violated FOIA by failing to make the required determinations in response to Plaintiff's FOIA request and by failing to produce records in response to the request.

41. Plaintiff is and continues to be harmed by reason of Defendant's violation of FOIA and its unlawful withholding of records to which Plaintiff is entitled.

42. Plaintiff asks this Court to enter a judgment declaring that:

   a. Correspondence specifically described in Plaintiff's FOIA request(s) described, *supra*, and attached as an exhibit, is subject to release under FOIA;

   b. Defendant must release those requested records or segregable portions thereof subject to legitimate exemptions;

   c. Defendant may not assess or seek costs and fees for the request at issue in this case as Plaintiff is entitled to a waiver of their fees.

   d. For such other and further relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF

### Seeking Injunctive Relief

43. Plaintiff re-alleges paragraphs 1-42 as if fully set out herein.

44. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B).

45. Plaintiff has been irreparably harmed by the Defendant's failure to produce the requested documents and, absent the requested injunction, Plaintiff will continue to be irreparably harmed in the future.

46. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to Plaintiff's FOIA request, without fees, subject to legitimate withholdings.

47. Plaintiff asks the Court to order the Defendant to produce a report that sets forth a schedule for providing the responsive documents to Plaintiff that it requested in its FOIA request, subject to legitimate withholdings.

48. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and for Defendant to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Defendant's withholdings and any other remaining issues.

## THIRD CLAIM FOR RELIEF

### Seeking Costs and Fees

49. Plaintiff re-alleges paragraphs 1-48 as if fully set out herein.

50. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

51. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of Defendant's refusal to fulfill the FOIA request at issue in this case. *See Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 324 (D.C. Cir. 2006).

52. Plaintiff asks the Court to order Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that EPA has violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request as agreed upon by the parties and submitted by the agency on November 14, 2017;

(2) Order EPA to process Plaintiff's FOIA request immediately;

(3) Award Plaintiff its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.

                HUSCH BLACKWELL LLP


                By:    */s/ Kyle Joe Gilster*
                      Kyle Joe Gilster (D.C. Bar No. 483873)
                      Matthew P. Diehr, *Application Pending*
                      750 17th Street, NW
                      Suite 900
                      Washington, D.C.  20006-4656
                      kyle.gilster@huschblackwell.com
                      matthew.diehr@huschblackwell.com
                      202-378-2300 (Telephone)
                      202-378-2319 (Facsimile)

                      **ATTORNEYS FOR PLAINTIFF**